# In the United States Court of Federal Claims

No. 18-1603C

Filed: August 16, 2019

NOT FOR PUBLICATION

| | |
|---|---|
| MORGAN JOSEPH LANGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | *Pro se*; RCFC 12(b)(1); Subject-Matter Jurisdiction; Money-Mandating Source Of Law; Breach Of Contract; Default Judgment. |

*Morgan Joseph Langan*, Cornville, AZ, plaintiff *pro se*.

*Anthony F. Schiavetti*, Trial Attorney, *L. Misha Preheim*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

### **MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

### I.   **INTRODUCTION**

Plaintiff *pro se*, Morgan Joseph Langan, brings this action against the United States alleging that certain state and county government officials in Yavapai County, Arizona improperly confiscated his land. *See generally* Compl. As relief, plaintiff seeks to recover $1,398,838.05 in monetary damages from the United States and certain equitable relief. *Id.* at 12.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also filed motions for entry of default judgment and to consolidate cases. *See generally* Pl. Mot. for Default. For the reasons discussed below, the Court: (1) **GRANTS** the

government's motion to dismiss; (2) **DENIES-AS-MOOT** plaintiff's motions for entry of default judgment and to consolidate cases; and (3) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

In the complaint, plaintiff alleges that "this is an action for redemption of equity and return of payments issued by mistake, error, inducement or fraud." Compl. at 1. Plaintiff also identifies the First, Fifth and Fourteenth Amendments of the United States Constitution; Article 1 § 10 of the United States Constitution; 28 U.S.C. § 1491; 28 U.S.C. § 1498; 28 U.S.C. § 1493; and 42 U.S.C. § 1983 as the legal and jurisdictional bases for his claims. *Id.* at 2-3; Pl. Resp. at 4.

Although plaintiff names the United States as a defendant in this action, he appears to primarily allege that certain banks operating in the State of Arizona, and certain Yavapai County government officials, improperly foreclosed upon and confiscated his land, home and estate. *See generally* Compl. Specifically, plaintiff alleges that the National Bank of Arizona ("NBAZ") "completed a non-judicial foreclosure on [his] land" on August 21, 2015. *Id.* at 4-5. Plaintiff also alleges that, on February 10, 2016, "Cenlar FSB completed a non-judicial foreclosure on [his] home" and that NBAZ "claimed to purchase the home at a trustee sale." *Id.* at 5.

Thereafter, plaintiff alleges that the Yavapai County Sheriff sold the land purchased by the trust to a private party to satisfy NBAZ's judgment against plaintiff and that the Yavapai County Sheriff deputies permitted representatives of the bank to enter onto his land. *Id.* at 6. Plaintiff also alleges that he subsequently entered into a settlement agreement with NBAZ. *Id.* at 7; *see also* Pl. Exs. E, G. And so, plaintiff contends that he "was deprived of [his] land, home, estate and property under operation of State non-judicial foreclosure laws that impaired the obligations required by [certain] contracts between the parties." Compl. at 3.

As relief, plaintiff seeks, among other things, to recover $1,398,838.05 in monetary damages from the United States and he requests that the Court "decree a fair and equitable

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot."); and plaintiff's response thereto ("Pl. Resp."). Unless otherwise noted herein, the facts recited are undisputed.

process to command specific performance for the officers of the government including Yavapai County and the State of Arizona." *Id.* at 13.

### B. Procedural History

Plaintiff commenced this action on October 9, 2018. *See generally* Compl. On December 10, 2018, the government filed a motion to dismiss this matter pursuant to RCFC 12(b)(1) and (b)(6). *See generally* Def. Mot.

On December 20, 2018, plaintiff filed motions for entry of default judgment and to consolidate cases. *See generally* Pl. Mot. for Default. On February 14, 2019, the government filed a response and opposition to plaintiff's motions for entry of default judgment and to consolidate cases. *See generally* Def. Resp. Plaintiff filed a reply in support of his motions for entry of default judgment and to consolidate cases on February 25, 2019. *See generally* Pl. Reply.

On March 11, 2019, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On April 10, 2019, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. On April 22, 2019, plaintiff filed a sur-reply. *See generally* Pl. Sur-Reply.

These matters having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100

Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B.   RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the

4

substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (alterations original). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this dispute, this Court has held that holding a land patent is not sufficient on its own to give rise to a cause of action under the Tucker Act. *Daniels v. United States*, No. 17-1598C, 2018 WL 1664476 at *8 (Fed. Cl. April 6, 2018); *see also Ioane v. United States*, 4 F. App'x 762, 763 (Fed. Cir. 2001). A claim related to a land patent requires the complaint to identify a substantive source of law that has been violated. *Id.*

### C.     RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Redondo v. United States*, 542 F. App'x 908, 910 (Fed. Cir. 2013). And so, to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 663-64, 678 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Specifically relevant to this case, the United States Court of Appeals for the Federal Circuit has held that a property owner failed to state a viable claim against the United States to establish a basis for holding the United States liable for a bank's foreclosure upon his property, because the complaint was devoid of any allegations to show that the banks acted on behalf of the United States during the foreclosure. *Ioane*, 4 F. App'x at 762-63. *Id.* at 763.

### D.     **Contracts With The United States**

Lastly, this Court possesses subject-matter jurisdiction to consider breach of contract claims against the United States based upon an express or implied-in-fact contract. 28 U.S.C. § 1491(a)(1). Plaintiff bears the burden of proving the existence of a contract with the United States and he must demonstrate that there is "something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank v. United States*, 331 F.3d 1374, 1377 (Fed. Cir. 2003).

To pursue a breach of contract claim against the United States, plaintiff must have privity of contract with the United States. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1263 (Fed. Cir. 2005) (citations omitted) ("[T]he 'government consents to be sued only by those with whom it has privity of contract.'"). Plaintiff must also support his contract claim with well-pleaded allegations going to each element of a contract. *See Crewzers Fire Crew Transp., Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies."); *Gonzalez-McCaulley Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010). In addition, RCFC 9(k) requires that a party identify the substantive provisions of the contract on which the party relies when pleading a claim founded on a contract with the United States. RCFC 9(k). And so, this rule ensures that the Court knows the relevant provisions of a contract to render a decision on a breach of contract claim. *Gonzalez-McCaulley Inv. Grp., Inc.*, 93 Fed. Cl. at 715.

The requirements for establishing a contract with the United States are identical for express and implied-in-fact contracts. *See Night Vision Corp. v. United States*, 469 F.3d 1369, 1375 (Fed. Cir. 2006); *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl.

760, 767 (2014) ("The elements are the same for an express or implied-in-fact contract . . . ."). Specifically, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). In this regard, a government official's authority to bind the United States must be express or implied. *Roy v. United States*, 38 Fed. Cl. 184, 188-89 (1997), *dismissed*, 124 F.3d 224 (Fed. Cir. 1997). And so, "the [g]overnment, unlike private parties, cannot be bound by the apparent authority of its agents." *Id.* at 187.

## IV. LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon the grounds that: (1) plaintiff alleges claims against parties other than the United States; (2) plaintiff has not established the existence of a contract with the United States; (3) plaintiff fails to identify a money-mandating source of law to establish jurisdiction under the Tucker Act; (4) the statutes upon which plaintiff relies to establish jurisdiction are neither money-mandating nor applicable to his claims; and (5) this Court may not consider plaintiff's request for general equitable relief. Def. Mot. at 1-2; Def. Reply at 1-5. Plaintiff counters that the Court possesses subject-matter jurisdiction to consider his claims, because he has entered into an express contract with the government based upon a land patent. Pl. Resp. at 1. Plaintiff has also filed motions for entry of default judgment against the government and to consolidate this matter with *Langan v. United States*, No. 18-900 (Fed. Cl. 2018). Pl. Mot. for Default at 1-2.

For the reasons discussed below, the most generous reading of plaintiff's complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. Because the Court does not possess subject-matter jurisdiction to consider plaintiff's claims, plaintiff's motions for entry of default judgment and to consolidate cases are also moot. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES-AS-MOOT** plaintiff's motions for entry of default judgment and to consolidate cases; and (3) **DISMISSES** the complaint. RCFC 12(b)(1).

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

#### 1. The Court May Not Consider Claims Against Parties Other Than The United States

As an initial matter, to the extent that plaintiff asserts claims against the National Bank of Arizona and Cenlar FSB and certain state and county government officials, the Court does not possess subject-matter jurisdiction to consider these claims. Compl. at 1. In the complaint, plaintiff alleges that certain banks operating in the State of Arizona and certain Yavapai County government officials improperly foreclosed upon and confiscated his land, home and estate. *See generally id.* It is well-settled that the United States is the only proper defendant in cases brought in this Court. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States . . . ." (emphasis in original)). Given this, to the extent that plaintiff seeks to bring claims against these banks and state and county government officials, the Court does not possess subject-matter jurisdiction to entertain plaintiff's claims. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014). And so, the Court must dismiss these claims. RCFC 12(b)(1).

#### 2. Plaintiff Has Not Alleged The Existence Of A Contract With The United States

The Court must also dismiss plaintiff's breach of contract claim against the United States in this matter, because plaintiff fails to establish the existence of an express or implied-in-fact contract with the United States. While this Court may consider express or implied-in-fact contract claims against the United States, plaintiff bears the burden of proving the existence of a contract with the government. *See D & N Bank v. United States*, 331 F.3d 1374, 1376 (Fed. Cir. 2003). To do so here, plaintiff must allege facts that plausibly demonstrate: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Truama Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). In addition, plaintiff must demonstrate that there is "something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank*, 331 F.3d at 1376. Plaintiff fails to make such a showing in this case.

In his response and opposition to the government's motion to dismiss, plaintiff raises for the first time a breach of contract claim against the United States.[2] Pl. Resp. at 1. But, the complaint is devoid of any factual allegations to show mutual intent to contract, consideration, and offer and acceptance, to show the existence of the alleged contract with the United States. *See generally* Compl. Because plaintiff fails to point to any evidence to establish the elements of either an express or implied-in-fact contract with the government, the Court must dismiss plaintiff's breach of contract claim for lack of subject-matter jurisdiction. *See Crewzers Fire Crew Transp. Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014); *D & N Bank*, 331 F.3d at 1376; *see also* RCFC 12(b)(1).

### 3. This Court Does Not Possess Jurisdiction To Consider Plaintiff's Land Patent Claim

The Court must also dismiss plaintiff's land patent claim for want of subject-matter jurisdiction. In his response and opposition to the government's motion to dismiss, plaintiff alleges that he entered into a federal land patent with the government. *See generally* Pl. Resp. But, this Court has held that a land patent is not sufficient on its own to give rise to a cause of action against the United States. *Daniels v. United States*, No. 17-1598C, 2018 WL 1664476 at *8 (Fed. Cl. April 6, 2018) ("[h]olding a land patent, like any ownership interest in property, however, is not sufficient on its own to give rise to a cause of action. A claim related to a land patent requires the complaint to identify a substantive source of law that has been violated."); *see also Ioane v. United States*, 4 F. App'x 762, 763 (Fed. Cir. 2001) (stating that "a Federal Land Patent is a deed and gives . . . no rights against the United States"). And so, the mere existence of a land patent cannot create a valid cause of action against the government in this case. *Daniels*, 2018 WL 1664476 at *8. Plaintiff also fails to point to any other substantive provision of law that has been violated in this case. And so, the Court must also dismiss plaintiff's claim based upon a land patent.

### 4. Plaintiff's Constitutional Claims Are Jurisdictionally Precluded

The Court is also without jurisdiction to entertain plaintiff's constitutional claims, because the constitutional provisions upon which plaintiff relies are not money-mandating.

---

[2] The Court has held that it is generally improper to raise a new claim in response to a motion to dismiss. *Driessen v. United States*, 116 Fed. Cl. 33, 44 n.10 (2014).

*Fisher*, 402 F.3d at 1172. In the complaint, plaintiff alleges that this Court possess subject-matter jurisdiction to consider his claims pursuant to the First, Fifth and Fourteenth Amendments of the United States Constitution and Article I § 10 of the United States Constitution. Compl. at 2.

But, the First and Fourteenth Amendments and Article I § 10 of the United States Constitution are not money-mandating sources of law. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fourteenth Amendment is not a sufficient basis for jurisdiction because it does not mandate payment of money by the government); *United States v. Connolly*, 716 F.2d 882, 886-88 (Fed. Cir. 1983) (holding that the First Amendment does not provide persons aggrieved by government action with an action for damages in the absence of some other jurisdictional basis); *Olajide v. United States*, No. 16-1594C, 2017 WL 3225048, at *4 (Fed. Cl. July 31, 2017) (stating that Article I § 10 is not money-mandating and does not create a duty for the government to pay).

In addition, while the Court may consider takings claims based upon the Fifth Amendment, plaintiff has not identified a cognizable property interest that has allegedly been taken by the United States in the complaint. *See generally* Compl.; 28 U.S.C. § 1491(a); *A & D Auto Sales, Inc.*, 748 F.3d 1142, 1151 (Fed. Cir. 2014); *Huntleigh USA Corp. v. United States*, 525 F.3d 1370, 1377-78 (Fed. Cir. 2008). Notably, plaintiff alleges that certain banks and local government officials improperly foreclosed upon and confiscated his land. Compl. at 1, 4-5. But, plaintiff has not alleged that these banks, or the State of Arizona, acted on behalf of the United States in connection with the foreclosure proceedings. *Ioane*, 4 F. App'x at 763. And so, the Court must dismiss plaintiff's constitutional law claims. RCFC 12(b)(1).[3]

### 5. The Statutes Plaintiff Relies Upon To Establish Jurisdiction Are Inapplicable To Plaintiff's Claims

The Court is also without jurisdiction to consider plaintiff's claims because the statutes upon which plaintiff relies to establish jurisdiction under the Tucker Act either may not be considered by this Court or are unrelated to his claims. Compl. at 3; Pl. Resp. at 4.

---

[3] Dismissal of plaintiff's claim based upon the foreclosure on his property is also appropriate pursuant to RCFC 12(b)(6), because plaintiff fails to allege that the banks or government officials acted on behalf of the United States in foreclosing upon his property.

The Tucker Act is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (alterations original). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003).

First, plaintiff's reliance upon Section 1983 to establish jurisdiction is misplaced. Pl. Resp. at 4. It is well-settled that only federal district courts may consider claims based upon violations of Section 1983. *See e.g., Jones v. United States*, 104 Fed. Cl. 92, 98 (2012) (explaining that the Court of Federal Claims has no jurisdiction over claims based on, among other causes of action, alleged "violations of . . . civil rights"). And so, the Court may not consider plaintiff's Section 1983 claim.

Second, 28 U.S.C. §§ 1498, 1493 are not applicable to plaintiff's claims. Section 1498 addresses the Court's jurisdiction regarding invention patents. *See generally* 28 U.S.C. § 1498. This Court has held that "modern invention patents are distinguishable from land patents because the Patent and Trademark Office exercises continuing authority over invention patents, whereas the government generally cedes 'all authority or control' over the land in question when it issues a land patent." *Christy, Inc. v. United States*, 141 Fed. Cl. 641, 660 (2019). And so, Section 1498 is not applicable to plaintiff's claims. Pl. Resp. at 1. In addition, Section 1493 has been repealed. Pl. Resp. at 4; *Pikulin*, 97 Fed. Cl. at 75. And so, this statute is also inapplicable to plaintiff's claims. Given this, the Court must dismiss plaintiff's claims based upon Sections 1493 and 1498.

### 6. The Court May Not Grant The Equitable Relief That Plaintiff Seeks

Lastly, the government correctly argues that this Court also does not possess subject-matter jurisdiction to consider plaintiff's request for equitable relief. Def. Reply at 2-3. It is well-settled that this Court does not possess general equity jurisdiction and that the Court can

only award equitable relief "incident[al] and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2); *see also Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004) ("[T]he Court of Federal Claims does not possess general equity jurisdiction."). In the complaint, plaintiff requests that the Court "decree a fair and equitable process to command specific performance for officers of the government including Yavapai County and the State of Arizona . . . ." Compl. at 13. In addition, in his response and opposition to the government's motion to dismiss, plaintiff also argues that he has a "right to redeem [his land] in equity." Pl. Resp. at 2. Because plaintiff's claims sound in equity, the Court must also dismiss these claims. RCFC 12(b)(1).

### B. The Court Denies Plaintiff's Motions For Entry Of Default Judgment And To Consolidate Cases As Moot

As a final matter, plaintiff has filed motions for entry of default judgment against the United States and to consolidate cases. Because the Court has determined that it does not possess subject-matter jurisdiction to consider any of plaintiff's claims, the Court denies these motions as moot. *See Wojtczak v. United States*, No. 12-499C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

## V. CONCLUSION

In sum, the most generous reading of plaintiff's complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. For these reasons, the Court must dismiss this action for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;

2. **DENIES-AS-MOOT** plaintiff's motions for entry of default judgment and to consolidate cases; and

3. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge