# In the United States Court of Federal Claims

No. 18-1603C
Filed: September 24, 2019
NOT FOR PUBLICATION

| | | |
|---|---|---|
| MORGAN JOSEPH LANGAN, | ) | |
| | ) | |
| Plaintiff, | ) | RCFC 59(a); Motion For Reconsideration; |
| | ) | RCFC 60(b); Motion For Relief From |
| v. | ) | Judgment; RCFC 52; Motion To Amend |
| | ) | Judgment. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Morgan Joseph Langan*, Cornville, AZ, plaintiff *pro se*.

*Anthony F. Schiavetti*, Trial Attorney, *L. Misha Preheim*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR RECONSIDERATION, RELIEF FROM JUDGMENT AND TO AMEND JUDGMENT**

GRIGGSBY, Judge

## I.    INTRODUCTION

This matter involved a claim by plaintiff *pro se*, Morgan Joseph Langan, alleging that certain state and county government officials in Yavapai County, Arizona improperly confiscated his house and land. *See generally* Compl. After the government moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, and plaintiff filed motions for entry of default judgment and to consolidate cases, the Court: (1) granted the government's motion to dismiss; (2) denied-as-moot plaintiff's motions for entry of default judgment and to consolidate cases; and (3) dismissed the complaint on August 16, 2019 (the "August 16, 2019, Decision"). *Langan v. United States*, No. 18-1603C, 2019 WL 3857044, at *1 (Fed. Cl. Aug. 16, 2019).

On September 3, 2019, plaintiff timely filed motions for reconsideration, for relief from judgment and to alter or amend judgment, pursuant to Rules 59(a), 60(b) and 52(b) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot. For the reasons set forth below the Court **DENIES** plaintiff's motions.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

In this breach of contract action, plaintiff alleged that certain banks operating in the State of Arizona, and certain Yavapai County government officials, improperly foreclosed upon and confiscated his land, home and estate. *Langan v. United States*, No. 18-1603C, 2019 WL 3857044, at *1 (Fed. Cl. Aug. 16, 2019). Plaintiff also asserted claims against the United States based upon an alleged land patent; the First, Fifth and Fourteenth Amendments of the United States Constitution; Article 1 § 10 of the United States Constitution; 28 U.S.C. § 1491; 28 U.S.C. § 1498; 28 U.S.C. § 1493; and 42 U.S.C. § 1983. *Id.*

In the August 16, 2019, Decision, the Court dismissed plaintiff's claims for lack of subject-matter jurisdiction for several reasons. First, the Court held that it may not consider plaintiff's claims against parties other than the United States, because the United States is the only proper defendant in cases brought in this Court. *Id.* at *5. Second, the Court held that it must also dismiss plaintiff's breach of contract claim against the United States, because plaintiff failed to establish the existence of an express or implied-in-fact contract with the United States. *Id.* at *5-6.

Third, the Court dismissed plaintiff's land patent claim for want of subject-matter jurisdiction, because a land patent is not sufficient on its own to give rise to a cause of action against the United States. *Id.* at *6. Fourth, the Court held that it could not entertain plaintiff's constitutional law claims, because the constitutional provisions upon which plaintiff relied are not money-mandating and plaintiff failed to identify a cognizable property interest that has been taken by the United States in the complaint. *Id.*

In addition, the Court held that it was without jurisdiction to consider plaintiff's statutory claims, because these claims either may not be brought in this Court or the statutes relied upon by plaintiff were unrelated to his claims. *Id.* at *7. Lastly, the Court held that plaintiff's request

2

for equitable relief falls beyond the jurisdictional boundaries of the Tucker Act, because the Court may only award equitable relief "incident[al] and collateral to" a money judgment. *Id.*; *see also* 28 U.S.C. § 1491(a)(2).[1]

## III.    LEGAL STANDARDS

### A.    RCFC 59(a)

Motions for reconsideration are governed by RCFC 59, which provides, in relevant part that:

> **(1) *Grounds for New Trial or Reconsideration.*** The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows:
>
> > (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
> >
> > (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
> >
> > (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). This Court has held that "[t]o prevail on a motion for reconsideration under RCFC 59, the movant must identify a 'manifest error of law, or mistake of fact.'" *Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013). And so, the Court will grant a motion for reconsideration upon a showing of either: "(i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice." *Id.* (citing *Petro-Hunt, L.L.C. v. United States*, No. 00-512L, 2012 WL 1957929, at *1 (Fed. Cl. May 30, 2012)); *see also Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016).

Granting relief based upon a motion for reconsideration also requires "'a showing of extraordinary circumstances.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)

---

[1] The Court also denied plaintiff's motions for entry of default judgment against the United States and to consolidate cases as moot. *Langan v. United States*, No. 18-1603C, 2019 WL 3857044, at *8 (Fed. Cl. Aug. 16, 2019).

(quoting *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300).  Given this, the Court has held that motions "for reconsideration may not be used simply as 'an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected.'" *Johnson*, 126 Fed. Cl. at 560 (quoting *Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 819 (2000)).  And so, "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted).

**B.      RCFC 60(b)**

RCFC 60(b) sets forth the grounds for obtaining relief from a final judgment. Specifically, this rule provides that:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

RCFC 60(b).  The United States Court of Appeals for the Federal Circuit has held, within the context of the entry of a default judgment, that this Court should balance three factors when determining whether to grant relief pursuant to RCFC 60(b)(1) due to excusable neglect:  (1) whether the nonmovant will be prejudiced by the granting of relief; (2) whether the movant has a meritorious claim or defense; and (3) whether the movant's dilemma was caused by his own culpable conduct.  *Info. Sys. And Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed. Cir. 1993) (applying excusable neglect under our predecessor court's identical rule); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Telzrow v. United*

*States*, 127 Fed. Cl. 115, 120 (2016); *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703, 708-09 (1999).

    **C.**    **RCFC 52(b)**

    Lastly, RCFC 52(b) provides that, "[o]n a party's motion filed no later than 30 days after the entry of judgment, the [C]ourt may amend its findings—or make additional findings—and may amend the judgment accordingly." RCFC 52(b).

**IV.**    **LEGAL ANALYSIS**

    A careful review of plaintiff's motions for reconsideration, for relief from judgment and to alter or amend judgment makes clear that plaintiff has not met his heavy burden to demonstrate that such relief is warranted in this case. And so, for the reasons set forth below, the Court **DENIES** plaintiff's motions.

    In his motions, plaintiff requests that the Court alter or amend the judgment entered in the August 16, 2019, Decision and he seeks relief from certain orders issued by the Court on July 24, 2019,[2] and August 16, 2019, respectively. Pl. Mot. at 1-3. In support of these requests, plaintiff argues, among other things, that: (1) the record in this matter contains clerical errors; (2) the Court did not respond to plaintiff's motion to proceed *in forma pauperis*[3]; (3) "a serous injustice occurred when the Court ruled contrary to the legal and equitable interests of the plaintiff who was deprived of his home, land and private assets absent good reason, fairness, justice and due process;" and (4) there is evidence of "ongoing harassment by [Yavapai] County that is outside the grant of its municipal charter from the United States." *Id.* at 1-4. Plaintiff has not shown that the relief he seeks is warranted for several reasons.

    First, plaintiff has not shown that reconsideration of the Court's August 16, 2019, Decision is warranted in this case, because he presents no allegations of an intervening change in controlling law nor the availability of previously unavailable evidence. *See generally* Pl. Mot.

---

[2] On July 24, 2019, the Court issued an order returning unfiled several documents submitted by plaintiff because there is no provision in the Rules of the United States Court of Federal Claims for the filing of such documents (docket entry no. 27).

[3] A review of the docket reveals that plaintiff did not file a motion to proceed *in forma pauperis* in this case. *See generally* Docket, No. 18-1603C.

To prevail on a motion for reconsideration under RCFC 59, plaintiff must identify a manifest error of law, or mistake of fact. *Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013). And so, the Court will grant a motion for reconsideration upon a showing of either: "(i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice." *Id.* (citing *Petro-Hunt, L.L.C. v. United States*, No. 00-512L, 2012 WL 1957929, at *1 (Fed. Cl. May 30, 2012)); *see also Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016).

Plaintiff does not allege an intervening change in controlling law, or the availability of previously unavailable evidence in his motion. *See generally* Pl. Mot. Plaintiff does argue, however, that "a serious injustice occurred when the Court ruled contrary to the legal and equitable interests of the plaintiff who was deprived of his home, land and private assets absent good reason, fairness, justice and due process . . . ." *Id.* at 2. But, plaintiff does not explain why granting his motion for reconsideration would be necessary to prevent manifest injustice in this case. *Id.* As discussed above, the Court dismissed plaintiff's complaint for lack of subject-matter jurisdiction and the Court did not reach the merits of any of plaintiff's claims. *Langan v. United States*, No. 18-1603C, 2019 WL 3857044, at *1-8 (Fed. Cl. Aug. 16, 2019). Given this, plaintiff simply has not shown how reconsideration of whether the Court may consider his claims under the Tucker Act would prevent the "serious injustice" that plaintiff alleges in his motion for reconsideration. Pl. Mot. at 2.

Plaintiff's argument that reconsideration is appropriate because of evidence of "ongoing harassment by [Yavapai] County that is outside the grant of its municipal charter from the United States" is equally unavailing. *Id.* at 3-4. Even if true, the purported conduct of Yavapai County government officials is not a basis for the Court to reconsider the decision to dismiss plaintiff's complaint against the United States for lack of subject-matter jurisdiction. And so, the Court denies plaintiff's request for relief pursuant to RCFC 59(a).

Plaintiff similarly fails to show that relief under RCFC 60(b) is warranted in this case. Plaintiff states that he seeks relief from the orders issued in this matter on August 16, 2019, and July 24, 2019, "under equity rules in the nature of RCFC 60." Pl. Mot. at 1. Pursuant to RCFC 60(b), the Court may relieve a party or its legal representative from a final judgment, order, or

proceeding for, among other things, mistake, inadvertence, surprise, or excusable neglect.  RCFC 60(b)(1).  While the precise basis for plaintiff's motion for relief from judgment is not clear, it appears that plaintiff is seeking relief from judgment due to his several unsuccessful attempts to direct the Clerk of the Court to change the appearance of his name on the docket, correct the filing date of the government's motion to dismiss and to modify certain exhibits attached to a reply brief in support of his motion for a default judgment.[4]  Pl. Mot. at 1-2.  But, none of these concerns are relevant to the Court's determination that plaintiff failed to establish that the Court possesses subject-matter jurisdiction to consider any of his claims.  And so, the Court must also deny plaintiff's request for relief pursuant to RCFC 60(b).

As a final matter, plaintiff also has not shown that it is appropriate to alter or amend the judgment entered in connection with the Court's August 16, 2019, Decision.  *See* RCFC 52(b).  While plaintiff argues that that the Court should alter or amend the judgment entered in connection with the August 16, 2019, Decision, he points to no error in that judgment.  *See generally* Pl. Mot.  Given this, the Court must also deny plaintiff's request for relief under RCFC 52(b).

## V.    CONCLUSION

And so, for all of the aforementioned reasons, the Court **DENIES** plaintiff's motions for reconsideration, for relief from judgment and to alter or amend judgment.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge

---

[4] On February 14, 2019, the Clerk's Office informed plaintiff that:  (1) it could not change the appearance of plaintiff's name on the court docket; (2) it had no record of receiving plaintiff's "original bill with affidavit in support of proceedings;" and (3) the correct filing date of government's motion to dismiss is December 10, 2018 (docket entry no. 13).  On March 11, 2019, and July 19, 2019, the Clerk's Office informed plaintiff that it did not have the authority to modify or supplement the filings in this case (docket entry nos. 17, 26).